Glenn A. Borger and Ruth L. Borger *v.* Towamensing Township Zoning Board of Adjustment. Township of Towamensing, Carbon County, Appellant.

Glenn A. Borger and Ruth L. Borger *v.* Towamensing Township Zoning Board of Adjustment. Roger L. Fisher, Albert DiGregorio, Russell Frank and Chester Waibel, Appellants.

Argued September 29, 1978, before Judges WILKINSON, JR., DISALLE and MACPHAIL, sitting as a panel of three.

*John F. Gibbons,* for appellants, Fisher, DiGregorio, Frank and Waibel.

*Roger N. Nanovic,* for appellant, Township of Towamensing.

*Gary F. Dobias,* for appellees, Glenn A. and Ruth L. Borger.

OPINION BY JUDGE DISALLE, December 20, 1978:

This case involves two appeals from an order of the Court of Common Pleas of Carbon County which reversed the Towamensing Township Zoning Board of Adjustment's (Board) denial of a special exception to Glenn A. Borger and Ruth L. Borger (Applicants) and which directed the Board to issue the necessary permit. In reaching this conclusion, the court below found that the Board had committed an error of law and had abused its discretion by misapplying the appropriate burden of proof. The court reasoned that had the Board grasped the conceptual distinction between a special exception and a variance and imposed a greater burden on the protestants in accordance therewith, the

Board would have been compelled to grant Applicants' requested use.

We note initially that our scope of review in zoning cases where the court below took no additional evidence is limited to a determination of whether the zoning board abused its discretion or committed an error of law.[1] *Swift v. Zoning Hearing Board of East Hempfield Township,* 33 Pa. Commonwealth Ct. 442, 382 A.2d 150 (1978). With regard to the burden of proof applicable in special exception cases, it is well established that once the applicant for a special exception proves that the proposed use is one permitted by the zoning ordinance, the burden falls upon the protestant to prove that the requested use would constitute a detriment to public health, safety or welfare. *Copeechan Fish and Game Club v. Zoning Hearing Board of North Whitehall Township,* 32 Pa. Commonwealth Ct. 415, 378 A.2d 1303 (1977). It is the duty of the zoning board to determine, in the exercise of its discretionary power, whether or not a party has met his burden of proof.

In the instant case, Applicants plan to develop a 91 acre parcel of land by establishing 266 campsites and 60 mobile homesites thereon. Protestants (adjoining landowners) presented evidence indicating that the proposed use would substantially increase the noise level in the area; would create a fire hazard; would adversely affect neighboring property values; would produce highway congestion with which the township would be unable to cope; would unduly tax existing local police and fire services; would create a sewage pollution problem which would adversely affect the environment; would substantially alter the character of the surrounding area; and that human

---

[1] As the lower court noted, since it took no additional testimony, its scope of review was likewise limited.

life would be endangered as a result of all the above. The Board concluded that Protestants adequately, demonstrated that the projected use would constitute a detriment to public health, safety and welfare.

The lower court concluded that Protestants had not met their respective burden since much of their evidence consisted of testimony given by lay witnesses with no expertise in the seemingly technical matters involved. We disagree.

In our view, sufficient competent evidence exists in the record to support the Board's conclusion that Protestants had, in effect, met their respective burden. The direct testimony of two real estate brokers, a professional forester, a manager of a state park, a medical doctor, two of the township supervisors, and a former planning commission member, as well as the testimony elicited on cross-examination from a civil engineer and a geologist, provides ample competent evidence to support the Board's determination. Further, the lay testimony of adjoining landowners on such matters as whether a proposed use would increase noise levels, compound road congestion, alter the character of the area, and so forth, is not necessarily incompetent. *See, e.g., Copeechan Fish and Game Club, supra.* We do not believe, therefore, that the Board erred as a matter of law or abused its discretion in denying the special exception after having concluded that Protestants had shown that the proposed use would be detrimental to public health, safety and welfare.

## ORDER

AND Now, this 20th day of December, 1978, both appeals are sustained and the order of the Court of Common Pleas of Carbon County dated November 30, 1977, is hereby reversed.