**ACCELERATED ENTERPRISES, INC., Appellant,**

v.

**THE HAZLE TOWNSHIP ZONING HEARING BOARD and Hazle Township.**

Commonwealth Court of Pennsylvania.

Argued March 5, 2001.

Decided April 20, 2001.

Gordon D. Katz, Philadelphia, for appellant.

Frank J. Skokoski, Hazleton, for appellees.

Before COLINS, Judge, FRIEDMAN, Judge, McCLOSKEY, Senior Judge.

COLINS, Judge.

Accelerated Enterprises appeals the order of the Court of Common Pleas of Luzerne County affirming the Hazle Township Zoning Board's (ZHB) denial of its application for special exception to permit it to operate a commercial, outdoor recreational facility in an area zoned M–1, mining district.

Accelerated Enterprises (AE) operates Paragon Adventure Park on approximately 14,000 acres located mainly in East Union Township, which is adjacent to Hazle Township. Paragon Adventure Park provides off-road trails where clients drive four-wheel-drive sport utility vehicles escorted by one or more trail guides employed by the Park. According to AE, all vehicles must be street legal and be insured. AE books events by appointment only, and events typically involve 25 to 30

vehicles, with one guide per 20 vehicles, but groups can be as large as 100 vehicles. Clients pay an entrance fee for the use of the trails, and AE maintains liability insurance covering their use of the property. AE does not own or lease the property on which it operates; rather it has the consent of the landowner, PCA Corporation, to operate its business on PCA's lands.

Several of the trails AE uses to provide access to the Park are located in Hazle Township, and in May 1999, AE applied for a permit to use trails located in the Township for an off-road track and commercial operation. The zoning officer denied the application. AE appealed to the ZHB, which held hearings and took evidence. The ZHB denied the use by special exception on the ground that the objectors to the permit met their burden of producing evidence that the use would adversely affect the community and be contrary to the public interest. Judge Peter Paul Olszewski of the Court of Common Pleas affirmed without taking additional evidence.

■ Before this Court AE argues that the ZHB impermissibly denied its application for a special exception on the basis of the general objections of those opposed to the application. Because the court of common pleas affirmed the ZHB without taking additional evidence, our review is limited to determining whether the ZHB abused its discretion, committed an error of law, or made findings of fact not supported by substantial evidence of record. *Pittsburgh Trust for Cultural Resources v. Zoning Board of Adjustment of City of Pittsburgh,* 145 Pa.Cmwlth. 503, 604 A.2d 298 (1992), *petition for allowance of appeal denied,* 538 Pa. 618, 645 A.2d 1320 (1994).

Citing *Sunnyside Up Corporation v. City of Lancaster,* 739 A.2d 644 (Pa. Cmwlth.1999), *petition for allowance of*

*appeal denied,* 563 Pa. 636, 758 A.2d 666 (2000), it argues that the objectors failed to meet their burden of proving a high probability that the proposed use would substantially affect the health, safety, and welfare of the community to a greater extent than what is normally expected for that type of use and not just speculation of possible harms.

■ Under the terms of the Hazle Township zoning ordinance, commercial uses are permitted with ZHB approval in mining districts. Zoning Ordinance § 4.07. Once the applicant for a special exception convinces the ZHB that the proposed use meets the objective requirements of the zoning ordinance, a presumption arises that the proposed use is consistent with the health, safety, and welfare of the neighboring community. *Id.* The burden then shifts to the objectors to rebut the presumption by proving that to a high degree of probability the proposed use will substantially affect the community's health, safety, and welfare to an extent greater than what is normally expected from that type of use. *Id.* The ZHB has the discretionary power to determine whether a party has met its burden of proof. *Shamah v. Hellam Township Zoning Hearing Board,* 167 Pa. Cmwlth. 610, 648 A.2d 1299 (1994). Credibility determinations and the weight to be given to evidence are matters solely left to the ZHB in its role as fact finder. *Id.*

The Hazle Township zoning ordinance provides that the ZHB, in considering an application for a special exception, must give due regard to the nature and condition of all adjacent uses. Zoning Ordinance § 8.421. In the present case, the ZHB acknowledged that AE's proposed use satisfied the requirements of the zoning ordinance; the only issue is whether the objectors rebutted the presumption that the proposed use is consistent with

the health, safety, and welfare of the neighboring community.

■ As set forth in *Sunnyside Up*, the objectors to the grant of the special exception must establish that AE's proposed use would substantially affect the health, safety, and welfare of the community to a greater extent than what is normally expected with a commercial recreational facility. For example, an increase in traffic is generally not grounds for denial of a special exception unless there is a high probability that the proposed use will generate traffic not normally generated by that type of use and that the abnormal traffic threatens safety. *Orthodox Minyan v. Cheltenham Township Zoning Hearing Board,* 123 Pa.Cmwlth. 29, 552 A.2d 772 (1989).

In its opinion denying the special exception, the ZHB focussed primarily on the objectors' concerns about accidents and fire, the inaccessibility of the property to emergency vehicles, and the danger that would be posed to emergency personnel who would have to respond. On those issues, the ZHB cited the testimony of Dennis Calarco of the Hazle Township Fire Company, Robert Kurtz, solicitor for East Union Township, and Robert Gabard, East Union Township fire marshal.[1] In response to concerns expressed by Mr. Kurtz, AE acknowledged that areas of the park are not accessible and other areas are accessible only with a four-wheel drive vehicle (8–16–99 Transcript, pp. 78–80), that some of its clients carry extra gasoline tanks, and that the Army Corps. of Engineers had to clear roads to provide access to firefighters when a fire did occur (8–16–99 Transcript, pp. 86–87). Mr. Gabard expressed similar concerns and testified that it is physically impossible for a fire

truck or ambulance to gain access to the property using the roads identified by AE as providing access. (8–16–99 Transcript, pp. 103–105.) The ZHB's conclusions show that it credited this testimony, which constitutes substantial evidence supporting the ZHB's findings and conclusions. With this evidence the objectors established that AE's proposed use would pose a substantial risk to the safety and welfare of the community to a greater extent than what is normally expected with a commercial recreational facility.

■ AE suggests that mining activities pose far greater risks to the community with their use of heavy equipment and use and storage of explosives and flammable liquids. While such comparison may make an appealing argument in favor of AE's proposed use, it would also obviate the ordinance's provision for commercial uses only with the ZHB's permission. The important comparison under the law is whether the danger posed by AE's proposed use is greater than that normally posed by other uses of the same type, that is, commercial recreational facilities. Moreover, the ZHB recognized that AE's activities are entirely unregulated and that Hazle Township is without the facilities to enforce restrictions on its use of the land; however, if the property were mined, the mining activities and the persons involved in those activities would be subject to a myriad of regulations. (ZHB Opinion, p. 4.)

In the words of Judge Olszewski,

After having reviewed the record, it is apparent to this Court that reasonable people could have come to different conclusions with regard to the granting of the special exception. Indeed, based

---

1. The testimony before the ZHB indicates that although Paragon Adventure Park is located in three townships, primarily in East Union Township, AE never sought zoning approval from any of the townships before commencing its operation.

upon the transcript, one judge may have determined that the special exception was appropriate and another inappropriate. It is not, however, this Court's prerogative to simply substitute its judgment for that of the Zoning Hearing Board. The jurisprudence of this Commonwealth clearly contemplates that the Board, as fact finder, is in the best position to observe the manner and demeanor of witnesses appearing before it, to sift through the evidence, and to draw conclusions regarding credibility. Indeed if one juxtaposes the testimony of Reid Block, AE's co-owner, with that of [objectors] Russell Postupack, John Bonner, and Nancy Bereznak, it becomes patently obvious that the Board resolved the question of credibility, an essential determination, against the applicant. The testimony of the objectors would permit a fact finder to conclude that these applicants pay mere lip service to very real and legitimate problems associated with the conduct of their business. Additionally, the record is replete with testimony regarding very distinct and real potential of emergency personnel's inability to respond to a whole host of problems due to the inexcessibility [sic] of the land upon which this activity is performed.

Accordingly, the order of the trial court is affirmed.

### ORDER

AND NOW, this 20th day of April 2001, the order of the Court of Common Pleas of Luzerne County in the above-captioned matter is affirmed.

FRIEDMAN, Judge, dissenting.

I respectfully dissent. Although the record contains evidence to show that there is a risk to individuals participating in the outdoor activities at Paragon Adventure Park, I believe there is insufficient evidence to establish a substantial risk to the safety and welfare of the community.