

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-27-2007

# Brubaker v. E Hempfield

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2531

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Brubaker v. E Hempfield" (2007). *2007 Decisions.* Paper 1193.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1193

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NON-PRECEDENTIAL

THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


Case No:  06-2531


DONALD A. BRUBAKER; BRUBAKER & BRUBAKER
A PARTNERSHIP AND BRUBAKER, INC.,


Appellants


v.


EAST HEMPFIELD TOWNSHIP THE BOARD OF SUPERVISORS OF EAST
HEMPFIELD TOWNSHIP; R. MICHAEL WAGNER; NEIL R. KINSEY;
SUSAN R. BERNHARDT; JOHN BINGHAM; LARRY L. MILLHOUSE;
GEORGE R. MARCINKO


_____


On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court No.: 04-cv-3355
District Judge: The Honorable James K. Gardner
_____


Argued April 12, 2007


Before: SMITH, CHAGARES, and COWEN, *Circuit Judges*


(Filed: April 27, 2007)
_____


Joseph G. Muzic, Jr. (Argued)
Nikolaus & Hohenadel, LLP
212 N. Queen Street
Lancaster, PA 17603

Michael S. Grab
Nikolaus & Hohenadel, LLP
327 Locust Street, PA 17512
*Counsel for Appellant*

Robert G. Hanna
James D. Young (Argued)
Lavery, Faherty, Young & Patterson, P.C.
P.O. Box 1245
Harrisburg, PA 17108
*Counsel for Appellee*

_____

OPINION OF THE COURT
_____

SMITH, *Circuit Judge*.

This appeal from the District Court's grant of summary judgment poses the question of whether a property owner may recover under the takings clause or as the result of a substantive due process violation by a township for deprivation of his reasonably expected economic use of his property during a two-year period. Preliminary to that examination, however, is the question of whether this case is ripe for review. We hold that it is not.

I.

Brubaker owns a parcel of land in East Hempfield Township. In 2000 and 2001, he sought to construct a 250 feet tall communication tower on his property, and consulted with the Township Zoning Officer and Director of Planning toward that end. The Zoning Officer determined that the tower would be an accessory use to Brubaker's principal use of the property and mentioned to Brubaker that he would probably be contacted by

2

companies about collocation of their antennas on the tower. Brubaker did not personally review the Township Zoning Ordinance before applying for the building permit.

Section 207 of the East Hempfield Zoning Ordinance provides the regulations for structures within "Community Commercial Zones." The permitted uses in this zone include "[p]ublic uses and public utilities structures," and "[a]ccessory uses customarily incidental to the ... permitted uses." § 207.2(8) and (10). Special exception uses include "[c]ommunication antennas mounted on an existing public utility transmission tower, building, or other structure, including existing communications towers and communications equipment buildings." § 207.3(13). The maximum permitted height for structures in this zone is 35 feet. § 207.9.

On May 29, 2001, Brubaker received a building permit to construct the communications tower. It is uncontested that the Township erroneously granted this permit. The tower was completed on July 16, 2001, and on August 17, 2001, Brubaker entered into a lease agreement with Nextel Partners, Inc. for collocation of Nextel antennas on the tower at a rate of $1,500/mo. for 25 years. Nextel applied to the Zoning Hearing Board for a special exception for the collocation, and the Hearing Board approved its application on September 17, 2001.[1] Brubaker then applied to the Township

---

[1] To secure a special exception for the placement of the antennas, Nextel was required to comply with the specific criteria of § 418A. "A special exception is a misnomer in that it really is not an exception at all; it is a legislatively granted entitlement contained in a zoning ordinance." *McGinty v. Zoning Bd.*, 717 A.2d 34, 36 (Pa. Commw. Ct. 1998). "An applicant has the burden of proving that it has met the criteria for special exception contained in the ordinance," but "[i]t is the duty of the zoning board in the exercise of its

3

for a Certificate of Occupancy, but was informed that there were problems with the tower.

On September 19, 2001, the Board of Supervisors revoked Brubaker's building permit.[2] The Township asserted that the antennas were not compliant because the tower and antennas were not an accessory use to the property, and that the tower did not comply with the set back requirement of § 304.1, which allows antennas and "other similar structures" an exclusion from the height regulations so long as they are set back a horizontal distance at least equal to their height from the property line. On October 3, 2001, the Township brought an equity action in the Lancaster County Court of Common Pleas, seeking an injunction and an order of removal or relocation of the tower. The Court of Common Pleas entered a decree nisi in the equity action on May 23, 2002, finding that Brubaker had a vested right in the building permit, but that the right was defeasible if the Township found that there was a public danger that required the tower's removal or relocation, and paid for it.

At a July 17, 2002 meeting, the Township determined that the tower presented a great public danger and stated that it would "exercise its rights" under the Court of

discretionary power to determine whether a party has met its burden of proof." *Shamah v. Hellam Twp. Zoning Hearing Bd.*, 648 A.2d 1299, 1303-04 (Pa. Commw. Ct. 1994). Moreover, "a special exception is not an exception to a zoning ordinance but is a use permitted conditionally, one which is stated in the zoning ordinance to be granted or denied by the Board pursuant to express standards and criteria." *Id.* at 1302-03.

[2]The Ordinance states that "[n]o zoning permit shall be issued except in conformity with the regulations of this Ordinance," and only indicates that revocation is possible where a misrepresentation of fact or false statement has been made in the application or on the plans on which the permit was based. §§ 701.1(4) and (8). No other provision for revocation of a previously issued permit is included in the Ordinance.

Common Pleas' decree nisi. Nextel terminated its lease and withdrew its application for a special exception. Brubaker filed an appeal from the Court of Common Pleas, and the Commonwealth Court reversed, concluding that Brubaker had an indefeasible right to the tower at the location specified in the original building permit.

Brubaker also filed suit under §§ 1983 and 1985 in federal district court claiming violations of the Fifth Amendment and Fourteenth Amendment. The Court granted the Township summary judgment on March 31, 2006, holding that the takings claim was not ripe and that it failed on the merits, the substantive due process claim failed because the defendants' actions did not shock the conscience, and the § 1983 claim failed because the plaintiff could not prove a Fifth or Fourteenth Amendment violation.

## II.

We have plenary review of the order granting the defendants' motion for summary judgment. *Carter v. McGrady*, 292 F.3d 152, 157 (3d Cir. 2002). We also exercise plenary review over the District Court's ripeness decision. *Felmeister v. Office of Attorney Ethics*, 856 F.2d 529, 535 n.8 (3d Cir. 1988).

The District Court had jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. We have jurisdiction pursuant to 28 U.S.C. § 1291.

## III.

The initial question is whether Brubaker's claim is ripe for review. In order to survive a ripeness challenge, Brubaker must show that the Township made a "final decision" with respect to the manner in which it will enforce its regulations. *See*

5

*Williamson County Regional Planning Comm'n v. Hamilton Bank*, 473 U.S. 172, 191 (1985) (requiring a "final, definitive position regarding how it will apply the regulations at issue to the particular land in question" from the administrative agency before the case is ripe for review). The ripeness inquiry has a "twofold aspect, requiring us to evaluate both the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Abbott Labs. v. Gardner*, 387 U.S. 136, 149 (1967); *Surrick v. Killion*, 449 F.3d 520 (3d Cir. 2006). Neither aspect is met by Brubaker. The Township's revocation of the building permit did not answer the question of how the Township intended to implement its decree–i.e., whether it would require removal of the structure or relocation. Brubaker has not demonstrated any hardship in delayed judicial consideration and cannot do so because the property is currently being used as contemplated without interference from the Township.[3]

The Township's revocation of Brubaker's building permit on September 19, 2001 interfered with Brubaker's vested property interest. At the July 17, 2002 Township Board of Supervisors meeting, the Board voted to exercise its "rights" under the May 23 decree nisi of the Common Pleas Court. This vote had the potential to further interfere with Brubaker's property rights. However, the Township took no further action on its vote. The Board did not attempt to take down or relocate the tower, nor did it examine ways in

---

[3]On September 16, 2006, the Township Zoning Board issued a decision granting Nextel a special exception to collocate its antennas on the tower and a variance to install slightly oversized antennas. This action suggests that the Board had not completed its decision making process at the time that this appeal was taken.

which it might execute its decision. The Township did not otherwise interfere with Brubaker's use and operation of the tower. Accordingly, there was no final decision by the Township such that review is appropriate at this time.

In *Bateman v. City of West Bountiful*, 89 F.3d 704 (10th Cir. 1996), the Tenth Circuit addressed a similar claim based on the City's issuance of a certificate of noncompliance. The certificate came after Bateman had built a structure on his property pursuant to an improvidently granted building permit, and with the supervision and approval of City building inspectors. *Id.* at 705. Bateman did not seek a variance as permitted by state law, but instead filed a suit under § 1983. The Tenth Circuit dismissed his case for lack of ripeness because Bateman failed to seek review of the City's action under the procedures authorized by state law, and "[t]he City [took] no affirmative enforcement action against Bateman in connection with the Certificate of Noncompliance." *Id.* at 707. The City's inaction factored into the ripeness analysis because "the finality requirement seeks to ensure that the issues and the factual components of the dispute are sufficiently fleshed out to permit meaningful judicial review." *Id.* Just as "the Certificate of Noncompliance issued to Bateman [did] not represent a conclusive determination by the City that he must abide by the setback and side yard requirements of the zoning ordinance," the vote of the Township to "exercise its rights" under the decree nisi did not represent a conclusive determination that Brubaker's tower must be removed or relocated. Nor did the Township take any affirmative enforcement action against Brubaker following the Board vote. Instead, the Board's

7

determination "leaves open the possibility" that Brubaker may maintain his property in its present state, *id.* at 708, which is effectively what the Board allowed Brubaker to do.

The Supreme Court stated in *Williamson County* that "a claim that the application of government regulations effects a taking of a property interest is not ripe until the government entity charged with implementing the regulations has reached a final decision *regarding the application of the regulations to the property at issue*." 473 U.S. at 186-187 (emphasis added). This requirement "informs the constitutional determination whether a regulation has deprived a landowner of 'all economically beneficial use' of the property, ... or defeated the reasonable investment-backed expectations of the landowner to the extent that a taking has occurred." *Palazzolo v. Rhode Island*, 533 U.S. 606, 618 (2001) (internal citations omitted); *Taylor Inv., Ltd. v. Upper Darby Twp.*, 983 F.2d 1285, 1291 (3d Cir. 1993) ("This finality rule recognizes that, with respect to zoning disputes, a property owner suffers no mature constitutional inquiry until the zoning authority defines the application of the zoning ordinance and defines the harm to the owner."). Without knowing the "extent of permitted development," the court cannot definitively resolve a takings claim.

Brubaker asserts that the Township's delay should absolve him of having to comply with the finality rule of *Williamson County*. Brubaker points to the statement of one township supervisor that her colleague had noted that the ruling of the Court of Common Pleas "made the township look bad" as evidence of personal animus toward Brubaker. He also notes that the Township did not present any engineering evidence to

8

the Court of Common Pleas in support of its position. This, he claims, shows that the Township improperly "burden[ed his] property by imposition of repetitive or unfair land-use procedures in order to avoid a final decision." *Palazzolo*, 533 U.S. at 621. However, Brubaker has not established that the Township's actions were sufficiently repetitive, unfair, or egregious as to compel this Court to ignore the requirements of the finality rule.

Brubaker did not seek just compensation from the Township prior to bringing this action. In *County Concrete Corp. v. Town of Roxbury*, 442 F.3d 159 (3d Cir. 2006), this Court noted that:

> an as-applied Fifth Amendment Just Compensation Takings claim against a municipality's enforcement of a zoning ordinance is not ripe until (1) "the government entity charged with implementing the regulations has reached a final decision regarding the application of the regulations to the property at issue" (the "finality rule"), and (2) the plaintiff has unsuccessfully exhausted the state's procedures for seeking "just compensation," so long as the procedures provided by the state were adequate.

*Id.* at 164; *see also Williamson County*, 473 U.S. at 195 ("[I]f a State provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the Just Compensation Clause until it has used the procedure and been denied just compensation."). Brubaker did not institute any sort of inverse condemnation proceeding. Pennsylvania law provides for such procedures, see 26 PA. CONS. STAT. ANN. § 502 *et seq.*, but Brubaker asserts that it would be unduly burdensome and uneconomical to require him to complete the state procedures. He claims that he should therefore be excused from seeking compensation. These bald assertions are insufficient, particularly when placed against the backdrop of Brubaker's claim of dilatoriness by the Township.

9

Brubaker claims that the Township unfairly delayed taking action, but declined to utilize the inverse condemnation procedures available to him to rectify this apparent wrong. The failure to utilize his state remedies means that Brubaker's takings claim is not ripe. *See Cowell v. Palmer Twp.*, 263 F.3d 286, 290 (3d Cir. 2001).

The substantive due process claim is likewise unripe because "*Williamson'*s finality rule bars not only as-applied Just Compensation Takings claims, but also as-applied substantive due process and equal protection 'claims by property owners or tenants who have challenged the denial of a permit by an initial decision-maker but failed to take advantage of available, subsequent procedures.'" *County Concrete Corp.*, 442 F.3d at 164 (quoting *Lauderbaugh v. Hopewell Twp.*, 319 F.3d 568, 574 (3d Cir. 2003)); *Taylor Inv., Ltd. v. Upper Darby Twp.*, 983 F.2d 1285, 1292-93 (3d Cir. 1993).

IV.

Brubaker's claims were not ripe due to the lack of finality of the decision by the Township and his failure to pursue an action for inverse condemnation. Accordingly, we will vacate the District Court's order granting summary judgment to the Township defendants and remand. On remand, the District Court should dismiss the claim as unripe. *See Sameric Corp. of Del., Inc. v. City of Phila.*, 142 F.3d 582, 598 (3d Cir. 1998). Because we determine that the takings and substantive due process claims asserted by Brubaker were not ripe, we do not reach the merits of either claim.