587 A.2d 367

**Larry DORE, Appellant,**

**v.**

**ZONING HEARING BOARD OF WEST NORRITON TOWNSHIP and West Norriton Township, Appellees.**

Commonwealth Court of Pennsylvania.

Argued Dec. 3, 1990.

Decided Feb. 20, 1991.

Nicholas J. Caniglia, Pierce & Caniglia, Wayne, for appellant.

Michael E. Furey, Norristown, for appellee, Zoning Hearing Bd. of West Norriton Tp.

Joseph J. McGrory, Norristown, for appellee, West Norriton Tp.

Before DOYLE, and McGINLEY, JJ., and BARRY, Senior Judge.

## OPINION

BARRY, Senior Judge.

Larry Dore appeals a decision by the Court of Common Pleas of Montgomery County upholding the denial by the Zoning Hearing Board of West Norriton Township (the

Board) of a permit to operate a business in a residential area.

Dore owns a three story, 7,000 square foot, eighteen room residence located in an area in West Norriton Township zoned Residential (R–1). He converted approximately 400 square feet of space in the residence into a combination laundry room and home office. The office contains two desks and two phones. Dore is a sales manufacturer's representative for electrical products who uses the office for phone calls, mail and processing paperwork. No product inventory is maintained on the premises. All products are sent from the manufacturer to the customer and all billing is done by the manufacturer. Customer meetings are scheduled at the customer's offices. Dore employs one person, who is not a member of his family, as a secretary to do typing at the office. He has one additional sales employee who resides and works in Allentown, Lehigh County.

Dore applied to the Board for permission to operate a business as a manufacturer's representative from his residence expressly stating his desire to comply with the Home Occupation Ordinance (ordinance). After a hearing on June 29, 1988, the Board denied Dore's application and issued findings of fact and conclusions of law on July 15, 1988. The majority of the Board found that "(s)ince applicant is involved in the sale of articles and products produced off the premises, he does not fit within the definition of a 'home occupation'." (Opinion of the Board, 7/15/88, p. 2.) The Court of Common Pleas of Montgomery County affirmed the Board's decision by Order dated November 27, 1989, concluding, in addition, that Dore violated the ordinance by employing a non-resident secretary.

This Court's standard of review, where the trial court has taken no additional evidence, is limited to determining whether the Board committed an error of law or manifest abuse of discretion. "We may conclude that the Board abused its discretion only if its findings are not supported by substantial evidence." *Valley View Civic Association*

*v. Zoning Board of Adjustment,* 501 Pa. 550, 555, 462 A.2d 637, 640 (1983).

The following sections of the ordinance are pertinent to the issues before us:

SECTION 2. Chapter XV, of the Revised General Ordinances of West Norriton Township, be and hereby is amended, by adding a new subsection thereto, to wit, Subsection 15–3.1(i), which shall read as follows:

"(i) Home occupations shall be permitted in any dwelling unit or existing building accessory thereto.

(1) 'Home occupation' is defined as an occupation for gain, profit or support, conducted only by members of a family residing on the premises and conducted entirely within the dwelling and/or building accessory thereto, provided that no article is sold or offered for sale except such as is produced on the premises by members of the immediate family residing thereon.

(2) Home occupations shall include the following:

(A) Artists and sculptors;

(B) Authors and composers;

(C) Dressmakers, seamstresses and tailors;

(D) Family day-care homes limited to not more than four (4) children residing off the premises;

(E) Home crafts;

(F) Office facility, provided that no retail or wholesale transactions are made upon the premises; and,

(G) Nonresidential school of special education whose enrollment does not exceed four (4) pupils at any given time.

(3) Permitted home occupations shall not in any event be deemed to include the following:

(A) Antique shops, gift shops, restaurants and other commercial retail uses involving the sale of articles and products produced off the premises;

(B) Barbershops and beauty parlors;

(C) Funeral chapel or funeral home;

(D) Medical or dental clinic or hospital;

(E) Tearoom;

(F) Renting of trailers;

(G) Riding or boarding stable or kennel;

(H) Tourist home, rooming, boarding or lodging house;

(I) Veterinary clinic or hospital; and,

(J) Industrial uses.

(4) In addition to the use limitations applicable in the zoning district in which located, all home occupations shall be subject to the following use limitations:

(A) The home occupation shall be carried on wholly indoors and within a dwelling or other structure accessory thereto;

(B) There shall be no use of show windows or display or advertising visible outside the premises to attract customers or clients other than an accessory sign, as permitted;

(C) There shall be no exterior storage of materials;

(D) No articles shall be sold or offered for sale, except for those produced upon the premises;

(E) Servicing by commercial vehicles for supplies and materials shall not be permitted;

(F) Except for an office of a dentist, physician or lawyer the home occupation shall be carried on only by members of the immediate family residing in the dwelling. Not more than two employees, in addition to the resident practitioner, shall be employed on the premises of any accessory office of a dentist, physician or lawyer;

(G) The floor area devoted to a home occupation, and the storage of materials and supplies connected with the home occupation, shall not be more than twenty five (25%) per cent of the ground floor area of the principal residential structure, or four hundred (400) square feet, whichever is less; and,

(H) Parking shall be provided in accordance with the applicable Township Ordinances."

■ The definition of a home occupation has four elements: (1) occupation for gain, profit or support, (2) con-

ducted only by members of the family residing on the premises, (3) conducted entirely within an accessory dwelling/building, and (4) no article may be sold or offered for sale except what is produced on the premises. The applicant has the burden of presenting evidence to show that he or she is in compliance with all elements of the ordinance. *Bray v. Zoning Board of Adjustment,* 48 Pa.Commonwealth Ct. 523, 410 A.2d 909 (1980).

■ The Board erred when it concluded that Dore was involved in the sale of articles or products produced off the premises. There is *no* evidence to support this finding. The only business being conducted is paperwork and making telephone calls. Furthermore, the occupation is not specifically excluded under subsection 15–3.1(i)(3) and qualifies to be included under subsection 15–3.1(i)(2)(F) as an office facility.

The Board relies on *Monteiro v. Zoning Hearing Board of Upper Merion Township,* 111 Montg.Co.L.R. 26 (1982) and *Lawrence Appeal,* 36 Pa.D. & C.2d 288 (1964), in support of the argument that the occupation of manufacturer's representative is not traditionally a home occupation. Both cases are distinguishable from the case at bar. The zoning ordinance in *Monteiro* defines a home occupation as: "Any lawful occupation customarily conducted as an incidental use." The language of the Upper Merion ordinance is clearly different from the language in the West Norriton ordinance. The West Norriton ordinance specifically includes an office facility, provided that no retail or wholesale transactions are made upon the premises. The applicant in *Lawrence* was seeking permission to use a portion of a building as a home occupation. The court decided that, since the applicant did not live in the building, he could not qualify for the use permitted as accessory to one's residence. That question is not involved in the present case.

■ Dore must comply with all the other elements of the definition before he qualifies as a "home occupation". The ordinance also requires that the business be one "conducted

only by members of a family residing on the premises...."
We cannot agree with Dore that the court of common pleas substituted its own findings for those of the Board on the matter of the secretary. Dore, by his own admission, employs a secretary who is not a member of the family and does not live on the premises. The Board recognized this admission in finding of fact number five. (Opinion of the Board, 7/15/88, p. 1.) For this reason, Dore does not comply with the ordinance as long as a non-resident secretary works on the premises; therefore, his permit was properly denied. Having found that Dore is not in compliance with all the necessary elements of the ordinance definition of a "home occupation", we need not address the limitation on the office size dictated in subsection 15–3.1(i)(4)(G).

■ Dore claims the Township violates his rights to substantive due process by denying the right to hire employees to persons involved in home occupations. Dore also claims the ordinance violates his right to equal protection since it allows dentists, doctors and lawyers to employ persons other than family members and denies that opportunity to others. We need not address the merits of these Constitutional arguments because Dore procedurally waived his right to assert them. An applicant wishing to challenge the constitutional validity of an ordinance must raise it first before the zoning hearing board pursuant to Section 1004 of the Pennsylvania Municipalities Planning Code (MPC)[1] which provides in pertinent part:

(1) A landowner who, on substantive grounds, desires to challenge the validity of an ordinance or map or any provision thereof which prohibits or restricts the use or development of land in which he has an interest shall submit the challenge either:

1. Former § 1004 of the Act of July 31, 1968, P.L. 805, *as amended, formerly* 53 P.S. § 11004. The Act of December 12, 1988, P.L. 1329, has further amended the MPC and altered section numbers. The contents of § 1004 are now contained in § 916.1, 53 P.S. § 10916.1. The pre–1988 version of the MPC governs this case.

(a) To the zoning hearing board for a report thereon under section 910 or 913.1; or

(b) To the governing body with request for a curative amendment under 609.1. (Footnotes omitted.)

Dore raised these issues for the first time before the court of common pleas. The procedures set forth in Section 1004 are the exclusive means of making constitutional challenges to provision of zoning ordinances. *Tirotta v. Zoning Hearing Board of Yeadon,* 110 Pa.Commonwealth Ct. 501, 532 A.2d 937 (1987); *Visionquest National, Ltd. v. City of Franklin Zoning Board of Adjustment,* 74 Pa.Commonwealth Ct. 270, 459 A.2d 1327 (1983).

Accordingly, we affirm the order of the trial court without prejudice to Dore's right to make further applications consistent with this opinion.

## ORDER

NOW, February 20, 1991, the order of the Court of Common Pleas of Montgomery County, in the above captioned matter, is affirmed.