William H. AGNEW, Appellant,

v.

**BUSHKILL TOWNSHIP ZONING HEARING BOARD,**

v.

**Eric Martyn.**

Commonwealth Court of Pennsylvania.

Argued Sept. 11, 2003.

Decided Dec. 5, 2003.

Anthony S. Beltrami, Bethlehem, for appellant.

Brian M. Monahan, Easton, for appellee.

BEFORE: FRIEDMAN, Judge, LEAVITT, Judge, MIRARCHI, JR., Senior Judge.

OPINION BY Judge LEAVITT.

William H. Agnew (Appellant) appeals from an Order of the Court of Common Pleas of Northampton County (trial court) granting Appellant's neighbor, Eric Martyn (Landowner), a special exception to conduct a roofing business as a "home occupation" on a residential property in a Rural Agricultural District. In doing so, the trial court affirmed the Bushkill Township Zoning Hearing Board (Board). We reverse the trial court.

On February 8, 2002, Landowner, the owner of Nazareth Roofing, applied for a permit to operate his roofing business as a home occupation.[1] Landowner's property consists of 4.44 acres in a Rural Agricultural District, and it includes a farmhouse built at the turn of the last century, in which Landowner and his wife reside, as well as two farm-type outbuildings.[2] The Zoning Officer denied the application, and Landowner appealed to the Board. In his appeal, Landowner requested a special exception to operate his roofing business as a home occupation; an interpretation as to what qualifies as a commercial vehicle; and a determination as to what vehicles used in his business could be stored on his property.

On April 8, 2002, the Board held a hearing. Appellant, who owns a seven-acre residential parcel adjacent to Landowner's property, appeared at the hearing. Appellant participated by protesting the requested special exception.

---

1. Landowner has been operating his business from his residence without a permit. Reproduced Record 22a, 77a. (R.R. ——).

2. The outbuildings consist of a 20′ × 20′ accessory structure, once used as a chicken coop, and a 20′ × 30′ barn. He intends to use 240 square feet of the floor area in the chicken coop and 450 square feet of floor area in the barn for his roofing business.

Landowner testified that he uses an area ten feet by twelve feet in his home for his business office, and he stores equipment and materials used in his business in the outbuildings on the property. The roofing business employs three non-resident employees, and, on occasion, employs up to seven individuals. Landowner and his wife also work for the business. The roofing business uses several commercial vehicles, including a dump truck, a 350 Ford stake body truck, and a 250 Ford pickup truck. Landowner stores the two larger trucks at a location in the Borough of Nazareth. He uses the pickup truck as his personal vehicle, parking it at the residence.

On May 13, 2002, the Board issued a written decision granting the special exception requested by Landowner to operate his roofing business as a home occupation. The Board determined that Landowner's stake body truck is a commercial vehicle and, therefore, cannot be parked on the property.

3. BUSHKILL TOWNSHIP, PA, ZONING ORDINANCE (1994). R.R. 186a–194a.

4. This Court's scope of review in a zoning case where the trial court takes no additional evidence is limited to determining whether the Board committed an abuse of discretion or an error of law. *Constantino v. Zoning Hearing Board of Borough of Forest Hills*, 152 Pa.Cmwlth. 258, 618 A.2d 1193, 1195 n. 2 (1992).

5. The Ordinance defines a home occupation as follows:

*Home Occupation.* A routine, accessory and customary non-residential use conducted within or administered from a portion of a dwelling or its permitted accessory building that:
A. meets the definition, standards and limitations of a "general home occupation" *or* a "light home occupation" within the following definitions and Article 19;
B. only include [sic] uses that are clearly incidental and secondary to the principal residential use;

■ Appellant appealed to the trial court. The trial court did not take any additional testimony, but it heard oral argument, after which it affirmed the Board on all issues. The trial court concluded that the Board properly granted Landowner's request for a special exception because he had satisfied all the requirements of the Bushkill Township Zoning Ordinance (Ordinance),[3] for operating a home occupation. Further, the trial court held that Appellant failed to prove that Landowner's use of his property to operate a roofing business is detrimental to the community. On January 23, 2003, the trial court dismissed Appellant's appeal. Appellant then appealed to this Court.[4]

On appeal, Appellant contends that the trial court erred in affirming the Board in three different ways. First, Appellant contends that Landowner's roofing business does not meet the definition of a "home occupation" contained in Section 201 of the Ordinance.[5] Second, Appellant

C. does not include any retail or wholesale sales on the premises (other than over the phone and through the mail) nor any industrial use (other than custom crafts and sewing);
D. specifically does not include the following: hotel, motel, nursing home, boarding house, restaurant, stable or kennel.
*General Home Occupation.* A "home occupation" that:
1) only involves persons working on the premises who are permanent residents of the dwelling plus a maximum of 1 non-resident working on the premises at any one point in time and
2) does not meet the definition and standards of a "Light Home Occupation."
(Note—In residential district, this use requires approval by the Zoning Hearing Board under the District regulations.)
*Light Home Occupation.* A "home occupation" that:
1) only involves persons working on the premises or routinely operating from the premises who are permanent residents of the dwelling,

asserts that Landowner failed to carry his burden of proving that his roofing business satisfies the specific requirements in the Ordinance [6] for operation of a home occupation. Finally, Appellant complains that the Board's written decision conflicts with its oral decision at the hearing, insisting that the oral decision should be controlling.

■■■ A special exception is a conditionally permitted use, legislatively allowed where specific standards and conditions detailed in the ordinance are met. *Bray v. Zoning Board of Adjustment*, 48 Pa. Cmwlth. 523, 410 A.2d 909 (1980). A special exception is not an "exception" to the zoning ordinance; rather, it is a use permitted in accordance with the express standards and criteria in the zoning ordinance. *Shamah v. Hellam Township Zoning Hearing Board*, 167 Pa.Cmwlth. 610, 648 A.2d 1299 (1994). The applicant has the burden of proving: (1) that the proposed use is a type permitted by special exception and (2) that the proposed use complies with the requirements in the ordinance for such a special exception. *Appeal of Baird*, 113 Pa.Cmwlth. 637, 537 A.2d 976, 977 (1988). It is presumed that the local legislature has considered that the special exception use satisfies local concerns for the general health, safety, and welfare. *Shamah*, 648 A.2d at 1303.

Accordingly, once an applicant for a special exception shows compliance with the specific requirements of the ordinance, the burden shifts to the protestors to prove that the proposed use will have an adverse effect on the general public. *Shamah*, 648 A.2d at 1303–1304.

We consider, first, whether the trial court properly affirmed the Board's determination that Landowner's roofing business satisfies the definition of a "home occupation" under the Ordinance. The Ordinance defines "home occupation" as "a routine, accessory and customary non-residential use conducted within or administered from a portion of a dwelling *or* its permitted accessory building that ... meets the definition, standards and limitations of a 'general home' occupation *or* a 'light home occupation' ... [and] *only* include [sic] uses that are *clearly incidental and secondary to the principal residential use* .... " Ordinance, Article 2, § 201. R.R. 187a (emphasis added).[7]

■■■ Here, the trial court reasoned that the administrative work associated with the roofing business can be conducted entirely within the confines of the residence.[8] However, the trial court did not explain how the storage of roofing materials and equipment in the outbuildings complied

---

2) does not routinely involve persons regularly visiting the premises for business purposes and
3) is limited to only the following types of activities:
a) office-type work (such as writing, editing, drafting, tax preparation, computer programming and computer data inputing),
b) clerical work (such as typing, stenography, addressing and sending mail),
c) custom sewing and fabric crafts.
* * *
Ordinance, Article 2, § 201 (emphasis in original).

6. These relate to the number of employees allowed; number of outbuildings that can be used; square footage that can be used in a home occupation business; and outdoor business operations.

7. The use of "home occupation, general as an accessory use" is permitted by special exception as an accessory use under Article 5, § 504.G of the Ordinance.

8. Such administrative work includes "the conduct of business of the operation of an office space for purposes of maintaining business records, accepting and making phone calls and fax transmissions and performing the business accounting." Board Opinion at 14.

with the Ordinance, which requires a home occupation to be conducted within the confines of a single building.

■ Generally, home occupations allowed by zoning ordinances are those "customarily" associated with residential dwellings, in accordance with general experience and understanding. *Allegheny West Civic Council, Inc. v. Zoning Board of Adjustment, City of Pittsburgh,* 552 Pa. 541, 716 A.2d 600 (1998). Here, the Ordinance defines a home occupation as a "routine, accessory and customary ... use conducted within or administered from a portion of a dwelling ...." and it offers as examples office-type work, clerical work, and custom sewing.[9] Ordinance, Article 2, § 201. In short, the Ordinance follows the common understanding of the type of business appropriate for home occupation.

■ Landowner's roofing business, in addition to the office support, requires the daily loading and unloading of trucks headed to and from the job sites; regular delivery and unloading of roofing supplies; and the storage of supplies and equipment in the outbuildings. Such activities are nei-

ther customary for a home occupation nor *clearly* incidental and secondary to the principal residential use. Office support may be a customary use for a residence, but Landowner's business is roofing, not office support for roofing companies. All components of the home occupation must be incidental and secondary to the principal residential use, not just one. Landowner cannot make this showing.

The trial court erred in affirming the Board. The Board ignored the language of the Ordinance restricting a home occupation to "only" those. uses that are "clearly incidental and secondary to the principal residential use." Although the administrative work associated with an offsite business may be allowed if conducted entirely within the confines of one's home,[10] the record shows that Landowner's proposed use goes far beyond running an office. It involves the storage and movement of trucks, supplies and equipment.[11] The fact that the roofing business is conducted at sites in addition to the residence is just further evidence that the proposed business cannot qualify as a home occupation. We hold that Landowner failed to meet his

---

9. This list is not exhaustive. However, a "general home occupation" can only employ one non-resident, and it still must be a "routine ... and customary" accessory use. Ordinance, Article 2, § 201.

10. Article 19, Section 1903.Y.7 of the Ordinance provides:
  The following uses shall not be permitted as a home occupation: veterinarian office, stable, kennel, funeral home, retail store, restaurant, excavating contractor (other than simply an office) or trucking company terminal.
  Ordinance, Article 19, § 1903.Y.7.

11. As noted by Appellant, there are no Pennsylvania cases specifically addressing a roofing business as a home occupation. Nevertheless, there are numerous instances where a business has been found *not* to be a "home occupation" even where conducted entirely within the confines of the residence. *See, e.g.,*

*Ridley Township v. Pronesti,* 431 Pa. 34, 244 A.2d 719 (1968) (real estate office); *Boreth v. Philadelphia Zoning Board of Adjustment,* 396 Pa. 82, 151 A.2d 474 (1959) (beauty shop); *Gold v. Zoning Board of Adjustment,* 393 Pa. 401, 143 A.2d 59 (1958) (barber shop); *Dore v. Zoning Hearing Board of West Norriton Township,* 138 Pa.Cmwlth. 101, 587 A.2d 367 (1991) (manufacturer's sales representative); *Reynolds v. Zoning Hearing Board of Abington Township,* 134 Pa.Cmwlth. 382, 578 A.2d 629 (1990) (bed and breakfast); *Page v. Zoning Hearing Board of Walker Township,* 80 Pa. Cmwlth. 589, 471 A.2d 1348 (1984) (motor vehicle repair and inspection business); *Draving v. Lower Southampton Township Zoning Hearing Board,* 40 Pa.Cmwlth. 243, 397 A.2d 54 (1979) (ceramics operation). Here, Landowner's business will not be operated entirely within the confines of his home.

burden to show that operating a roofing business from his residence falls within the definition of a "home occupation."

■ Appellant next argues that even if a roofing business could be operated as a home occupation under the Ordinance, the Board erred by ignoring the limitations on permitted home occupations. Specifically, the Board failed to apply the provisions in Article 19 of the Ordinance to Landowner's application.[12] Appellant has identified four types of requirements for a home occupation that Landowner cannot satisfy. We agree with Appellant's analysis.

First, Nazareth Roofing employs between three and seven non-resident individuals, depending on work demands. The Ordinance, however, limits Landowner to the employment of only one non-resident employee. Landowner testified that only one employee at a time would be required to load and unload roofing materials, which the Board found to satisfy the intent of the Ordinance. However, the Ordinance restricts the *total number of employees* in the business to *three persons,* and it limits the employment of persons who are not permanent residents of the dwelling to *one.* Ordinance, Article 19, § 1903.Y (1). It does not speak to the location of work by these employees. The trial court's holding flies in the face of the plain language of the Ordinance, which gave the Board no discretion in regard to the number of employees allowed a home occupation.

Second, Nazareth Roofing anticipates regular outdoor activity, but the Ordinance states "there shall be no outdoor operations." Ordinance, Article 19, § 1903.Y (3). The trial court affirmed the Board's finding that the mere loading and unloading of materials that would be stored out of sight in the accessory buildings did not constitute "outdoor operations" under the Ordinance. However, the Ordinance does not *limit* or regulate outdoor operations; it flatly prohibits any such activity. Landowner's roofing business requires the constant replenishing of roofing materials, and the daily loading and unloading of equipment, which are visible. The fact that materials will be stored inside the outbuilding does not cure the prohibition against outdoor activities.

Third, the Ordinance requires a home occupation to be conducted within a "principal *or* accessory residential building." Ordinance, Article 19, § 1903.Y (2)(a) (emphasis added). Accordingly, a home occupation may be conducted in *either* one building *or* the other, but *not* in both. Landowner's use of all three structures on the property for his business violates this requirement.

Finally, the Ordinance restricts the square footage devoted to the home occu-

---

12. The Ordinance provides in pertinent part as follows:

   1903. ***ADDITIONAL REQUIREMENTS FOR SPECIFIC USES.***
   The following uses shall have the following additional requirements, in addition to the requirements of the applicable zoning district.

   * * *

   1903.Y. ***HOME OCCUPATION, GENERAL*** (see definition in Article II)
   1. A maximum of 1 person may be employed who is not a permanent resident of the dwelling. A maximum of 3 total per-

sons may be based at the site for work purposes.
   2. a. The home occupation may be conducted within a principal or accessory residential building.
   b. The total floor area used for a home occupation shall not be equal to more than 25% of the total floor area of the principal dwelling unit or 750 square feet, whichever is more restrictive.
   3. There shall be no outdoors operations or outdoors storage of materials, products or equipment.
   Ordinance, Article 19, § 1903, 1903.Y.

pation to no more than "25% of the total floor area of the *principal dwelling unit* or 750 square feet, whichever is more restrictive." Ordinance, Article 19, § 1903.Y (2)(b) (emphasis added). Landowner's home contains 1500 square feet of living space, and, therefore, any home occupation is limited to 25% of 1500 square feet, or 375 square feet. Landowner's proposed total use is 810 square feet.[13] Thus, Landowner's proposed use failed to comply with the space limitations specified in the Ordinance.

In sum, we agree with Appellant that Landowner failed to satisfy his burden of proving that his proposed use met the specific criteria for a special exception home occupation. Accordingly, the burden never shifted to Appellant to demonstrate the Landowner's proposed use will have an adverse effect on the general public. That adverse effect, however, can be inferred from Landowner's own description of how he will conduct his roofing business. Such a commercial enterprise changes the character of the property from residential to commercial in violation of the Ordinance.

■ For these reasons, we reverse the order of the trial court.[14]

Judge SIMPSON did not participate in the decision in this case.

### ORDER

AND NOW, this 5th day of December, 2003, the order of the Court of Common Pleas of Northampton County dated Janu-

ary 23, 2003 in the above-captioned matter is hereby reversed.

---

**13.** Appellant cites testimony that Landowner intends to use a 10' × 12' room in his home as an office, R.R. 21a–22a, 240 square feet of floor space in one of the outbuildings and another 450 square feet of floor area in a second outbuilding. R.R. 84a–85a.

**14.** Appellant's final argument regarding the failure of the Board to follow the oral decision given at the hearing in the final written decision will not be addressed. Appellant failed to raise this issue in the record before the trial court. Issues not raised in the lower court are waived and cannot be raised for the first time on appeal. Pa. R.A.P. 302(a).