## Above & Beyond Inc. v. Zoning Hearing Board of Upper Macungie Township

C.P. of Lehigh County, nos. 2009-C-2233 and 2009-C-3088.

*Mark Malkames*, for appellants.
*Stephen A. Strack,* for appellee.
*William E. Schantz*, for intervenor.

JOHNSON, *J.*, November 30, 2009—Before the court for consideration are the zoning appeal notice/land use appeal filed in the case docketed at 2009-C-2233 on May 1, 2009 and the zoning appeal notice/land use appeal filed in the case docketed at 2009-C-3088. The court heard argument on these appeals on August 19, 2009.

As explained more fully below, the appeals are denied and dismissed.

## I. BACKGROUND FACTS

The appellant in the matter docketed at 2009-C-2233, Above & Beyond Inc., is the operator of the proposed

personal care home. The real estate proposed for the facility is comprised of two lots owned by Nadir F. Hamati, Kelly Hamati, Rasima Hamati-Attieh and Tony M. Attieh. The real estate is located in an R-2 zoning district in Upper Macungie Township. Above & Beyond has twice sought special exception zoning approval for the proposed personal care assisted living facility. The second request for relief reflected a change in design of the facility that alleviated the need for an interpretation of, or variance from, the Upper Macungie Zoning Ordinance.

On March 11, 2009, Above & Beyond sought three forms of relief at the hearing of the appellee, the Upper Macungie Zoning Hearing Board. First, Above & Beyond sought a special exception to utilize the subject property as a "personal care home" or a "nursing home" pursuant to the terms of the ordinance §§118.C.4, 119.C, 402A3 and 402.44. The second request for relief was an interpretation of the ordinance, requesting that the proposed personal care home be categorized as a residential, rather than an institutional use, as categorization as an institutional use would require a variance from the buffering requirements, while a residential categorization would not. Finally, Above & Beyond sought a variance that would allow the proposed use to operate without a buffer yard as otherwise required by the ordinance if it was ultimately determined to be an institutional use.

After the hearing, the board denied the requested relief by unanimous decision, finding that the proposed use constituted an institutional "personal care" home as defined by the ordinance. Further, the board found that the proposed use did not meet the standards enunciated by the Municipalities Planning Code (MPC) and ordinance

to justify the grant of a special exception use or variance. Said special exception use, variance and interpretation requests were denied. On April 8, 2009, the board issued its written decision and on May 1, 2009, Above & Beyond filed its appeal at docket number 2009-C-2233.

On March 26, 2009, Above & Beyond applied for substantially similar zoning relief, but altered the physical design to alleviate the need for a variance from the buffer yard requirements and interpretation of the zoning ordinance. On April 22, 2009, a hearing was held on the second application for relief. The board, again by unanimous three to zero vote, made findings of fact and conclusions of law that the proposed use was an institutional use "personal care" home and did not meet the standards enunciated by the MPC and ordinance to justify the grant of a special exception. On June 18, 2009, the appellants, Above & Beyond Inc., Nadar F. Hamati, Kelly Hamati, Tony M. Attieh and Rasima Hamati-Attieh, filed an appeal at docket number 2009-C-3088. On June 23, 2009, the two appeals were consolidated.

## II. APPLICABLE LAW

### a. *Scope of Review*

The scope of review in a zoning appeal is limited to determining whether the board committed an abuse of discretion or an error of law in reaching its decision. *Limley v. Zoning Hearing Board of Port Vue Borough,* 533 Pa. 340, 343, 625 A.2d 54, 55 (1993). An abuse of discretion occurs where the board makes material findings that are not supported by substantial evidence defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Val-*

*ley View Civic Association v. Zoning Hearing Board of Adjustment,* 501 Pa. 550, 555, 462 A.2d 637, 640 (1983). So long as the record demonstrates the existence of substantial evidence, the court is bound by the zoning hearing board's findings that are the result of resolution of credibility and conflicting testimony rather than capricious disregard of the evidence. *Vanguard Cellular System Inc. v. Zoning Hearing Board of Smithfield Township,* 130 Pa. Commw. 371, 378, 568 A.2d 703, 707 (1989).

### b. *Zoning Ordinance*

A special exception is a conditionally permitted use, legislatively allowed where specific standards and conditions detailed in the ordinance are met. *Agnew v. Bushkill Township Zoning Hearing Board,* 837 A.2d 634, 637 (Pa. Commw. 2003). The applicant seeking a special exception has the burden of proving: (1) that the proposed use is a type permitted by a special exception; and (2) that the proposed use complies with the requirements of the ordinance for a special exception. *Id.* Once an applicant for a special exception shows compliance with the specific requirements of the ordinance, the burden shifts to the protestors to prove that the proposed use will have an adverse effect on the general public. *Id.*

If the written decision of the zoning hearing board addresses all issues for relief presented by the applicant, and the decision on those requests is supported on the record by some credible facts, the zoning hearing board's decision will not be disturbed merely because it is brief or does not comprehensively recite every applicable provision of the ordinance. See *e.g., Silar v. Zoning Board*

*of Adjustment of Spring Garden Township,* 46 Pa. Commw. 340, 407 A.2d 74 (1979). A zoning board's interpretation of its own zoning ordinance is entitled to great weight and deference. *City of Hope v. Sadsbury Township Zoning Hearing Board,* 890 A.2d 1137, 1143 (Pa. Commw. 2006).

## III. DISCUSSION

### a. *Special Exception*

In reviewing the record from the subject hearings, the board's written decisions and after briefing and oral argument, it is clear to the court that the board properly denied the applicants' request for a special exception use personal care home. The appellants failed to demonstrate that the proposed use would comply with the express objective prerequisite criteria applicable to the proposed use. Additionally, the township objectors presented credible substantive testimony that the proposed use would fail to satisfy the subjective criteria of the ordinance applicable to special exception use.

For example, sections 812.B.5 and 812.E require a traffic study for all proposed land development, which the appellants failed to provide. Additionally, the appellants failed to demonstrate that the proposed use would not reduce the public roads proposed to service the use below the traffic service level of "C", as required by section 118.C.4.b of the ordinance.

Finally, the appellants failed to provide substantive testimony as to how the existing storm water runoff environment affecting the subject property, as evidenced by the existing large detention pond, would be acceptably mitigated or controlled.

Additionally, the township objectors appear to have presented substantive, credible evidence of health, safety and welfare concerns that were not rebutted by the appellant. For instance, the proposed use presented a potential fire hazard as designed and the proposed use would create a traffic hazard or exacerbate an existing hazard due to poor traffic flow design. Also, the objectors raised the concern that the R-2 zoning district is not designed or planned to accommodate a high density personal care home as designed and proposed by the appellants.

Based on the failure of the appellants to meet the objective criteria of the ordinance, and the subjective evidence of health, safety and welfare concerns presented by the township objectors, the court will not disturb the board's findings.

b. *Variance and Ordinance Interpretation*

The appellants appear to have voluntarily withdrawn the request for a variance and ordinance interpretation. N.T., Zoning Hearing Board hearing 3/11/09, p. 8. Additionally, the second plan altered the design of the proposed use to alleviate the need for the interpretation of the ordinance and potential resulting need for a variance. Therefore, the court will not discuss the board's decision as to these issues.

## IV. CONCLUSION

Therefore, for the reasons set forth above, the court finds that the Zoning Hearing Board of Upper Macungie Township did not commit an abuse of discretion or error of law in reaching its decision to deny the requests for relief and the appeals are denied and dismissed.

## ORDER

And now, November 30, 2009, upon consideration of the zoning appeal notice/land use appeal filed in the case docketed at 2009-C-2233 on May 1, 2009 and the zoning appeal notice/land use appeal filed in the case docketed at 2009-C-3088 and the responses thereto and after argument thereon; it is hereby ordered that, for the reasons set forth in the accompanying memorandum opinion, the appeals are denied and dismissed.