IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Richard L. Martin and Twila J. : 
Martin, Husband and Wife, and : 
Marlin L. Martin and Marlene B. : 
Martin, Husband and Wife : 
  : 
  : 
v. : No. 1091 C.D. 2017
  : ARGUED: April 12, 2018
Heidelberg Township Zoning Hearing : 
Board : 
  : 
v. : 
  : 
Heidelberg Township, : 
                 Appellant : 


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
                   HONORABLE ELLEN CEISLER, Judge
                   HONORABLE DAN PELLEGRINI, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                                  FILED: May 17, 2018


Appellants Heidelberg Township and Heidelberg Township Zoning Hearing

Board (Heidelberg Township and ZHB, individually, and Appellants, collectively)

appeal from the Court of Common Pleas of Lebanon County's (Trial Court) July 10,

2017 Opinion and Order, pertaining to a property (Property) owned by Appellees

Richard L. Martin, Twila J. Martin, Marlene B. Martin, and Marlin L. Martin

(collectively, Martins), located at 443 Sunnyside Road, Newmanstown,

Pennsylvania. Therein, the Trial Court affirmed the ZHB's decision to grant a special

exception allowing the Property to be used as a recreational area, as well as a

variance from the applicable side yard setback constraints, and reversed the ZHB's denial of a variance from the requirement that the recreational area be situated upon what is known as a "collector road."[1] We affirm in part and reverse in part.

On January 22, 2015, the Martins purchased the Property, which covers 101 acres. ZHB's Findings of Fact, Conclusions of Law, and Decision (Findings of Fact) at 1. Pursuant to Heidelberg Township's Zoning Ordinance (Zoning Ordinance), it is almost entirely zoned as "Agricultural," though a small portion is zoned as "Agricultural Transition." *Id.* When the Martins purchased the Property, it contained a six-bedroom, single-family home, as well as a number of other freestanding structures. After purchasing the property, the Martins quickly completed extensive renovations, expanding the house to contain 11 bedrooms which could accommodate between 40 and 70 guests. Towards the end of July 2015, the Martins began renting the Property out as a recreational retreat and event venue. *Id.* The Martins did all of this without first consulting with or informing Heidelberg Township, or procuring any of the necessary permits and authorizations. *Id.* Heidelberg Township eventually learned of the Martins' unauthorized venture and the Martins consequently received three code violation notices for the following reasons: Failure

---

[1] As defined, in pertinent part, by Heidelberg Township's Subdivision and Land Development Ordinance (SALDO), collector roads

> function to collect traffic from local streets and distribute it into major streets, and, as such, they will normally contain a relatively large number of intersections with local streets and few with main streets . . . [They] shall be planned for continuity and to lead more or less directly to one or more focal points or centers of traffic generation, and may become bus routes."

SALDO § 510(A)(2). William Cromleigh, Vice Chairman of Heidelberg Township's Board of Supervisors, testified before the ZHB on June 22, 2016 that "[t]ypically a collector street has a right-of-way width of 80 feet. I believe Sunnyside Road [which runs along the front of the Property] has a 33-foot right-of-way." Notes of Testimony (N.T.), 6/22/16 at 49.

to secure a permit for an expanded sewage disposal system;[2] failure to obtain a permit to operate a recreational retreat; and unauthorized use of a "recreational cabin . . . in violation of the Pennsylvania Uniform Construction Code[, 34 Pa. Code § 403.21,]" which the inspecting code enforcement official deemed "unsafe," and consequently ordered it be vacated immediately. *Id.* at 2-4.

The Martins initially appealed each of these citations, before withdrawing the appeal regarding the recreational retreat permit and instead opted to seek relief from the ZHB in the form of a special exception[3] allowing them to use the Property as a recreation area/facility,[4] a variance allowing an existing 90-foot setback from the

---

[2] It is unclear from the record whether the Martins had installed a larger disposal system prior to being cited or just used the one which was authorized for the original, smaller, single-family home. *See* Findings of Fact at 3-4. Presumably, the "recreation cabin" was the Property's renovated house, though this is not explicitly spelled out in the Findings of Fact.

[3] Special Exceptions . . . are deemed to be permitted uses in their respective districts, subject to the satisfaction of the requirements and standards set forth in [Article 19 of the Zoning Ordinance], in addition to all other requirements of this [Zoning Ordinance]. All such uses are hereby declared to possess characteristics of such unique and special forms that each specific use shall be considered as an individual case. The [ZHB] may grant approval of a Special Exception provided that the applicant complies with the standards for Special Exceptions set forth in [Article 19] and demonstrates that the proposed Special Exception shall not be detrimental to the health, safety, and welfare of the neighborhood . . . The burden of proof shall rest with the applicant. In granting a Special Exception . . . the [ZHB] or Board of Supervisors, as appropriate, may attach such reasonable conditions and safeguards in addition to those expressed in this [Zoning] Ordinance, as it may deem necessary to implement the purposes of this [Zoning] Ordinance.

Zoning Ordinance § 1901.

[4] The Zoning Ordinance uses, but does not provide definitions for, the terms "recreation areas" and "recreation facilities." *See* Zoning Ordinance §§ 201, 603(A), 1917(C), 1924.

property line for a structure on the Property, as opposed to the mandated 100 feet, and a variance relieving them of the requirement that all recreational facilities located on properties larger than two acres frontally abut a collector road. *Id.* at 4-5; *see* Zoning Ordinance §§ 603.1(A),[5] 1917(C),[6] 1924.[7]

Consequently, we may reference a dictionary in order to ascertain their "common and approved usage." *THW Grp., LLC v. Zoning Bd. of Adjustment*, 86 A.3d 330, 336 (Pa. Cmwlth. 2014); 1 Pa. C.S. § 1903(a); *see also* Zoning Ordinance § 201 ("Words not herein defined shall have the meanings given in Webster's Unabridged Dictionary (most recent edition) and shall be interpreted so as to give this [Zoning] Ordinance its most reasonable application."). Consequently, in this matter, we take "area" to mean "a definitely bounded piece of ground set aside for a specific use or purpose" and facility to mean "something . . . that is built, constructed, installed, or established to perform some particular function or to serve or facilitate some particular end." *Area*, WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY, UNABRIDGED (2002); *Facility*, WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY, UNABRIDGED (2002). In addition, each of the parties refers to the Martins' desire to operate the Property as a recreational "retreat," which we deduce from this word's contextual usage to subsume both "recreation areas" and "recreation facilities." *See* Findings of Fact at 2; Martins' Brief at 5; Heidelberg Township's Brief at 5; ZHB's Joinder Brief at 3.

[5] "The following uses are permitted, as Special Exceptions, upon issuance of a permit by the [ZHB] as provided in Article 19 of this [Zoning] Ordinance: A. Semi-public or private recreational areas, game and wildlife hunting and gunning clubs, camps, and structures, subject to the conditions listed in Sections 1917 and 1924 of this [Zoning] Ordinance."

[6] "Golf courses, country clubs and semi-public or private recreation areas and structures operated by membership clubs solely for the benefit of their members and not for gain shall be subject to the following conditions . . . C. No building, structure or part thereof or any parking or loading area shall be located within 100 feet of any road right-of-way line or lot line."

[7] Recreation facilities are subject to the following criteria:

A. If the subject property contains more than two (2) acres, it shall front on a collector road as identified in the . . . [Heidelberg] Township Comprehensive Plan, or a street in a proposed subdivision or land development plan which conforms to prevailing collector street design and improvement requirements.
B. Those uses involving extensive outdoor activities shall provide sufficient screening and/or landscaping measures to mitigate any visual and/or audible impacts on adjoining properties.

4

On June 22, 2016, the ZHB held a hearing regarding the Martins' requests and, on August 2, 2016, the ZHB issued a decision granting both the special exception which permitted the Property to be used as a recreational retreat, and a dimensional variance regarding the side yard setback standards. However, the ZHB denied the Martins' request for a variance from the collector road requirement and required the Martins to

> pay for the cost to make Sunnyside Road a collector street, and . . . perform a traffic study to determine if Sunnyside

---

C. Any structures exceeding the maximum permitted height may be permitted so long as they are set back from all property lines at least the horizontal distance equal to their height, plus an additional fifty (50) feet. Furthermore, such structure shall not be used for occupancy.

D. The applicant shall present evidence that the proposed use will not be detrimental to the use of adjoining properties as a result of, but not limited to, hours of operation, noise, light, litter, dust, pollution and traffic congestion.

E. Required off-street parking will be determined upon the types of activities proposed. In addition, the [ZHB] may require an unimproved grassed overflow parking area to be provided for peak use periods. Such overflow parking areas shall be accessible only from the interior driveways of the permanent parking lot. Overflow parking areas shall contain fencing to prevent vehicles from crossing adjoining properties or directly accessing adjoining roads.

F. Any booths or other structures used for the collection of admission and/or parking fees shall be set back and arranged to prevent vehicle backups on adjoining roads during peak arrival periods. Any other collection of fees (roaming parking lot attendants) shall be conducted in a manner to prevent vehicle backups on adjoining roads. If, at any time after the opening of the recreation facility, the Zoning Officer determines that traffic backups are occurring on adjoining road, and such backups are directly related to the means of access to the subject property, the Zoning Officer can require the applicant to revise means of access to relieve the undue congestion.

Road and other connection [sic] [Heidelberg] Township roads can take the traffic from the vehicles and buses for the premises, and if not that . . . perform the work necessary [to ensure these roads can handle such traffic].

Findings of Fact at 12. Sunnyside Road, which abuts the front of the Property, is 3 miles in length and, with a width of 33 feet, currently has a right-of-way that is less than half of what is required for a collector road. *See* N.T. 6/22/16 at 49; N.T. 4/20/17 at 29. The ZHB also imposed 19 conditions, several of which were relatively minor in nature. Findings of Fact at 12-13.[8]

---

[8] The minor conditions were:

1. That all limits on use be a condition of the permission granted; and
2. That the uses be limited to those granted; and
3. That [the Martins] be required to meet the on-lot sewer requirements of the SEO, or if appealed to the Court, they shall meet the on-lot sewer requirements as set by the Court; and
4. That they be required to meet all of the requirements of Commonwealth Code for the premises; and

. . . .

6. That they comply with all applicable Ordinances of [Heidelberg] Township for this use; and
7. That [Heidelberg] Township should be allowed to inspect the premises at reasonable times to assure compliance; and
8. That the owners shall designate to [Heidelberg] Township a person to be contacted in the event of compliance issues, and [Heidelberg] Township should be given a phone number to contact the person; and
9. That the Martins shall not use the subject property as approved by the [ZHB] until the Martins have met all of the required approvals by [Heidelberg] Township;
10. No buses;
11. No weddings;
12. Maximum occupancy of 40;
13. With respect to owners of other property, end of trail signs be posted in the size of 24 [inches] x 24 [inches] that the trail ends;
14. Buffered parking area or parking in an area not visible from the public road;

6

The Martins appealed the ZHB's decision to the Trial Court on August 29, 2016, asserting that the ZHB improperly denied their request for a variance from the collector road requirement, and wrongfully conditioned approval of the special exception upon completing the traffic study and upgrading the traffic-bearing capacity of Sunnyside Road. Martins' Land Use Appeal Brief at 7-15. The Trial Court held oral argument on October 28, 2016, and subsequently issued an Opinion on December 19, 2016, stating therein that additional evidence was required to facilitate a proper review of the Martins' appeal. Tr. Ct. Op., 12/19/16 at 8-11; *see also* Tr. Ct. Order, 1/24/17 at 1-2. Underpinning this decision was the Trial Court's evident confusion as to whether the ZHB's decision to grant the special exception was reconcilable with the ZHB's imposition of the condition that the collector road be built. *See* Tr. Ct. Op., 12/19/16 at 11-12.[9]

15. Land line phone services must be available for emergency;
16. Quiet time would be from dusk to dawn;
17. Must comply with all state and federal regulations;
18. No operation of ATVs, motorcycles, dirt bikes, snowmobiles, or other similar vehicles on the premises;
19. Zoning Officer shall be contacted for on-site verification of compliance with these conditions.

Findings of Fact at 12-13.

[9]    Had [the ZHB] decided that a weekend retreat is not a use it wanted along Sunnyside Road, it could have denied [the Martins'] request for a special exception. On the other hand, if [the ZHB] believed that [the Martins'] requested use - with agreed upon conditions - was generally compatible with the area, then it could have granted the special exception without appending onerous and financially prohibitive conditions.

Given the record before us, we do not know whether it is possible to reconcile [the Martins'] proposed use [of the Property as a recreational retreat] with [the ZHB's] collector road request. We simply do not have enough information to discern whether or not the granting of the special exception is logically consistent with the collector road requirement.

Tr. Ct. Op., 12/19/16 at 11-12.

7

The parties reconvened before the Trial Court on April 20, 2017 for a *de novo* evidentiary hearing. Heidelberg Township called Steve Dellinger, a municipal planner and consultant, who testified about the creation of Heidelberg Township's comprehensive development plan, the purpose of collector roads, and Sunnyside Road's current state as a relatively minor route, one classified as a township road. N.T. 4/20/17 at 8-15, 20-24. The Martins then produced Charles Haley, a civil engineer, who had conducted a traffic study of Sunnyside Road at the Martins' request. Mr. Haley testified that the Martins' recreational retreat would add a negligible number of vehicles to the already minimal amount of daily traffic on Sunnyside Road. *Id.* at 28-33. Mr. Haley further described the arduous process necessary to upgrade the entirety of Sunnyside Road's 3-mile length to collector road specifications, including purchasing land from other private landowners and demolishing a number of buildings. *Id.* at 33-39. In response to a suggestion that the Martins merely widen Sunnyside Road along the Property itself and leave the rest of the thoroughfare in its current condition, Mr. Haley declared that this would render the road unsafe. *Id.* at 39-41. Mr. Haley stated that turning Sunnyside Road into a collector road could cost over $6 million and that the circumstances did not warrant transforming Sunnyside Road into a collector road. *Id.* at 41-45. The parties then submitted proposed findings of fact and conclusions of law in early May 2017, followed by reply briefs shortly thereafter.

On July 10, 2017, the Trial Court ruled in favor of the Martins, affirming the ZHB's decision to grant the special exception and dimensional side yard variance, while reversing the ZHB's denial of the "variance" request regarding the collector road. Tr. Ct. Order, 7/10/17 at 1-2. The Trial Court opined that the only plausible rationale for the ZHB's refusal to grant the "variance," which the Trial Court

8

determined was dimensional in nature, was to ensure that the Martins could not use the Property as a recreational retreat. Tr. Ct. Op., 7/10/17 at 15-21. Due to the prohibitive costs of turning Sunnyside Road into a collector road, both financially and in terms of potential conflicts with nearby landowners, the Trial Court concluded that the Martins had established that denial of this variance would create unnecessary hardship, thus warranting relief. *Id.* at 21-23.

Appellants' appeal to our court followed.[10] They raise the following issues for our review, which we had condensed and revised for clarity:

1. Did the Trial Court properly affirm the ZHB's decision to grant the special exception?

2. Did the Trial Court err in determining that the collector road variance was dimensional in nature, rather than a use variance?

3. Did the Trial Court properly conclude that an unnecessary hardship existed, such that it justified granting a variance from the Zoning Ordinance's collector road requirement?

4. Did the Trial Court err by finding the special exception conditions imposed by the ZHB created an unnecessary hardship that warranted a variance?

---

[10] The Local Agency Law, 2 Pa. C.S. § 751 *et seq.*, states that "[i]n the event a full and complete record of the proceedings before the local agency was not made, the [trial] court may hear the appeal de novo, or may remand the proceedings to the agency for the purpose of making a full and complete record or for further disposition in accordance with the order of the court." *Id.* at § 754(a). Where the trial court has elected to consider additional evidence, beyond what was in the record created by the relevant administrative agency, and has addressed the matter before it in a *de novo* manner, we must discern whether the trial court, rather than the agency, committed an abuse of discretion or an error of law. *Seltzer v. Zoning Bd. of Adjustment of City of Pittsburgh*, 395 A.2d 1041, 1042 (Pa. Cmwlth. 1979). An abuse of discretion exists where the trial court's "findings of fact are not supported by substantial evidence." *E. Marlborough Twp. v. Jensen*, 590 A.2d 1321, 1323 (Pa. Cmwlth. 1991).

9

The key issue that needs to be addressed, and that ultimately determines the outcome of this appeal, is that the Trial Court erred in determining that the connector road proviso constituted a ***dimensional variance***. This requirement is neither a dimensional or use variance, but rather it is a ***condition*** that is mandated pursuant to Section 1924 of the Zoning Code Ordinance. The terms "variance" and "special exception" cannot be used interchangeably. "[A] variance admits that the use of the land in question violates the ordinance, but acknowledges that some special unique hardship will be imposed on the subject property by strict application of the zoning restrictions." *Southdown, Inc. v. Jackson Twp. Zoning Hearing Bd.*, 809 A.2d 1059, 1064 n.6 (Pa. Cmwlth. 2002). By contrast,

> [a] special exception is a conditionally permitted use, legislatively allowed where specific standards and conditions detailed in the ordinance are met. [It] is not an "exception" to the zoning ordinance; rather, it is a use permitted in accordance with the express standards and criteria in the zoning ordinance.

*Agnew v. Bushkill Twp. Zoning Hearing Bd.*, 837 A.2d 634, 637 (Pa. Cmwlth. 2003) (internal citations omitted).

> [O]ur cases have repeatedly made clear that the applicant has both the persuasion burden and the initial evidence presentation duty to show that the proposal complies with the "terms of the ordinance" which expressly govern such a grant. This rule means the applicant must bring the proposal within the specific requirements expressed in the ordinance for the use (or area, bulk, parking or other approval) sought as a special exception.

*Bray v. Zoning Bd. of Adjustment*, 410 A.2d 909, 910-11 (Pa. Cmwlth. 1980) (internal citations omitted). Nothing in this Commonwealth's case or statutory law gives an applicant the ability to obtain relief, in the form of a variance, from the express requirements and conditions of a special exception ordinance. Moreover, our courts have made clear that a special exception request should not be granted

10

unless the applicant can demonstrate that his "[development] plan, as submitted, addresses all of the ordinance's prerequisites for the special exception sought, and reasonably shows that [he] is able to fulfill them in accordance with the procedures set forth by the [relevant] zoning code[.]" *Broussard v. Zoning Bd. of Adjustment of City of Pittsburgh*, 907 A.2d 494, 502 (Pa. 2006); *accord Edgmont Twp. v. Springton Lake Montessori Sch., Inc.*, 622 A.2d 418, 419 (Pa. Cmwlth. 1993) ("To be entitled to receive a special exception it [is] incumbent on the [applicant] to come forward with evidence detailing how it [is] going to be in compliance with the requirements necessary to obtain [that] special exception."); *Appeal of Baird*, 537 A.2d 976, 977 (Pa. Cmwlth. 1988) (general promise to comply with all requirements contained in special exception ordinance, absent concrete and substantive plans showing how those requirements will be satisfied, is not sufficient to justify granting of special exception).

Here, Section 1924 of the Zoning Ordinance, which addresses special exceptions for "recreation facilities," reads as follows:

> Recreation facilities are subject to the following criteria:
>
> A**. If the subject property contains more than two (2) acres, it _shall_ front on a collector road as identified in the . . . [Heidelberg] Township Comprehensive Plan, or a street in a proposed subdivision or land development plan which conforms to prevailing collector street design and improvement requirements.**
>
> B. Those uses involving extensive outdoor activities shall provide sufficient screening and/or landscaping measures to mitigate any visual and/or audible impacts on adjoining properties.
>
> C. Any structures exceeding the maximum permitted height may be permitted so long as they are set back from all property lines at least the horizontal distance equal to their height, plus an additional fifty (50) feet. Furthermore, such structure shall not be used for occupancy.

11

D. The applicant shall present evidence that the proposed use will not be detrimental to the use of adjoining properties as a result of, but not limited to, hours of operation, noise, light, litter, dust, pollution and traffic congestion.

E. Required off-street parking will be determined upon the types of activities proposed. In addition, the [ZHB] may require an unimproved grassed overflow parking area to be provided for peak use periods. Such overflow parking areas shall be accessible only from the interior driveways of the permanent parking lot. Overflow parking areas shall contain fencing to prevent vehicles from crossing adjoining properties or directly accessing adjoining roads.

F. Any booths or other structures used for the collection of admission and/or parking fees shall be set back and arranged to prevent vehicle backups on adjoining roads during peak arrival periods. Any other collection of fees (roaming parking lot attendants) shall be conducted in a manner to prevent vehicle backups on adjoining roads. If, at any time after the opening of the recreation facility, the Zoning Officer determines that traffic backups are occurring on adjoining road, and such backups are directly related to the means of access to the subject property, the Zoning Officer can require the applicant to revise means of access to relieve the undue congestion.

Zoning Ordinance § 1924 (emphasis added).

Here, the Trial Court reasonably determined, particularly through crediting the testimony of Mr. Haley, the Martins' civil engineering expert, that it would be both prohibitively costly and unnecessary for traffic-handling purposes for the Martins to transform Sunnyside Road into a collector road. However, we are constrained by the law regarding ordinance interpretation and application, as well as the plain and unequivocal language of Section 1924, which states that if the subject property contains more than two acres, such as the Martins' 101-acre Property, approval of a special exception for a proposed recreational facility is *explicitly conditioned* upon the applicant showing that the property frontally abuts a collector

12

road. Consequently, we hold that the Trial Court committed an error of law by granting the Martins a "dimensional variance" from the collector road requirement, as it was improper for the Martins to seek such relief in the first place.[11]

Assuming *arguendo* that the Martins could properly seek a **variance** under the circumstances, the record evidence established that they were not entitled to one. Given that the Martins sought to obtain a dimensional variance,[12] their burden of proof was "a heavy one," as it is well-settled that "variance[s] should be granted sparingly and only under exceptional circumstances." *Rittenhouse Row v. Aspite*, 917 A.2d 880, 884-85 (Pa. Cmwlth. 2006). Pursuant to Section 910.2(a) of the Pennsylvania Municipalities Planning Code (MPC),[13] an applicant's request for a variance should be granted only where the following conditions are satisfied:

> (1) That there are unique physical circumstances or conditions, including irregularity, narrowness, or shallowness of lot size or shape, or exceptional topographical or other physical conditions peculiar to the particular property and that the unnecessary hardship is due to such conditions and not the circumstances or

---

[11] It bears noting that this situation could have been avoided entirely if the ZHB had followed the law regarding special exceptions. However, Heidelberg Township waived its ability to raise the issue of whether the ZHB properly granted the special exception, due to its failure to cross-appeal the ZHB's decision to the Trial Court. *See* Pa. R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."); N.T. 4/20/17 at 14-20 (testimony from Steve Dellinger, and discussion between the Trial Court and Heidelberg Township's counsel); Heidelberg Township's Memorandum of Law in Support of Findings of Fact and Conclusions of Law at 5 ("The only remaining issue to be determined by [the Trial Court] is whether the [ZHB] erred or abused its discretion in denying the *variance* from Section 1924.A of the Zoning Ordinance requiring recreational facilities to be on a collector street.").

[12] "A dimensional variance involves a request to adjust zoning regulations to use the property in a manner consistent with regulations, whereas a use variance involves a request to use property in a manner that is wholly outside zoning regulations." *Tri-Cty. Landfill, Inc. v. Pine Twp. Zoning Hearing Bd.*, 83 A.3d 488, 520 (Pa. Cmwlth. 2014).

[13] Act of July 31, 1968, P.L. 805, *as amended*, added by Section 89 of the Act of December 21, 1988, P.L. 1329.

conditions generally created by the provisions of the zoning ordinance in the neighborhood or district in which the property is located.

(2) That because of such physical circumstances or conditions, there is no possibility that the property can be developed in strict conformity with the provisions of the zoning ordinance and that the authorization of a variance is therefore necessary to enable the reasonable use of the property.

(3) That such unnecessary hardship has not been created by the [applicant].

(4) That the variance, if authorized, will not alter the essential character of the neighborhood or district in which the property is located, nor substantially or permanently impair the appropriate use or development of adjacent property, nor be detrimental to the public welfare.

(5) That the variance, if authorized, will represent the minimum variance that will afford relief and will represent the least modification possible of the regulation in issue.

53 P.S. § 10910.2(a).[14]

"To justify the grant of a dimensional variance, courts may consider multiple factors, including the economic detriment to the applicant if the variance was denied, the financial hardship created by any work necessary to bring the building [or property] into strict compliance with the zoning requirements and the characteristics of the surrounding neighborhood." *Hertzberg v. Zoning Bd. of Adjustment of City of Pittsburgh*, 721 A.2d 43, 50 (Pa. 1998). "The quantum of proof required to establish unnecessary hardship is indeed lesser when a dimensional variance, as opposed to a use variance, is sought." *Id.* at 48. However, this does not mean that "dimensional requirements . . . [are] 'free-fire zones' for which variances [can] be granted when the party seeking the variance merely articulate[s] a reason that it [will]

---

[14] The Zoning Ordinance also contains language governing the issuance of variances, which is virtually identical to that of the MPC. *Compare* Zoning Ordinance § 2106 *with* 53 P.S. § 10910.2(a).

be financially 'hurt' if it [cannot] do what it want[s] to do with [a] property." *Soc'y Created to Reduce Urban Blight v. Zoning Bd. of Adjustment of City of Phila.*, 771 A.2d 874, 877 (Pa. Cmwlth. 2001). To that effect, our appellate courts have "consistently reject[ed] requests for dimensional variances where proof of hardship is lacking. Where no hardship is shown, or where the asserted hardship amounts to a landowner's desire to increase profitability or maximize development potential, the unnecessary hardship criterion required to obtain a variance is not satisfied even under the relaxed standard set forth in *Hertzberg*." *Soc'y Hill Civic Ass'n v. Philadelphia Zoning Bd. of Adjustment*, 42 A.3d 1178, 1187 (Pa. Cmwlth. 2012). Indeed, "[a] variance, whether labeled dimensional or use, is appropriate 'only where the *property*, not the person, is subject to hardship,'" and, thus, the onus is on the applicant to firmly establish that "a substantial burden . . . attend[s] *all* dimensionally compliant uses of the property, not just the particular use [that the applicant has chosen]." *Yeager v. Zoning Hearing Bd. of the City of Allentown*, 779 A.2d 595, 598 (Pa. Cmwlth. 2001) (emphasis added and emphasis in original) (quoting *Szmigiel v. Kranker*, 298 A.2d 629, 631 (Pa. Cmwlth. 1972)).

Here, the Martins purchased the Property and drastically transformed it into a recreational retreat, without notifying Heidelberg Township or obtaining the necessary permits and authorizations. *See* N.T. 6/22/16 at 13-27 (testimony of Richard L. Martin). They then failed to present *any* evidence regarding other dimensionally compliant uses of the Property, despite being given ample opportunity to do so before both the ZHB and the Trial Court. Even so, they claim they were essentially entitled to this dimensional variance as it related to the connector road, because, in their view, it would have been illogical to deny such relief while granting the special exception. Martins' Brief at 12-16. Though this argument clearly swayed

15

the Trial Court, it is not an accurate distillation of the law in this Commonwealth, as the ZHB's approval of the Martins' special exception request neither released them from their evidentiary burden relating to the collector road variance, nor gave the Trial Court license to rescue the Martins from a hardship of their own making.

Therefore, we hold that the Trial Court committed an error of law by granting the Martins' request for a dimensional variance from the collector road requirement, and reverse the Trial Court as to that portion of its July 10, 2017 Opinion and Order.

While this Court recognizes that this ruling renders the special exception granted by the ZHB essentially useless, we cannot ignore the well-established and clear law pertinent to the issues in this appeal.


_____
ELLEN CEISLER, Judge

16

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Richard L. Martin and Twila J. :
Martin, Husband and Wife, and :
Marlin L. Martin and Marlene B. :
Martin, Husband and Wife :
                          :
         v.                :   No. 1091 C.D. 2017
                          :
Heidelberg Township Zoning Hearing :
Board :
                          :
         v.                :
                          :
Heidelberg Township, :
                Appellant      :

## O R D E R

AND NOW, this 17th day of May, 2018, the Order of the Lebanon County Court of Common Pleas, dated July 10, 2017, is hereby AFFIRMED IN PART, to the extent it granted the special use exception and side yard dimensional variance, and REVERSED IN PART, to the extent it granted a dimensional variance pertaining to the collector road requirement.

_____
ELLEN CEISLER, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Richard L. Martin and Twila J.            :
Martin, Husband and Wife, and             :
Marlin L. Martin and Marlene B.           :
Martin, Husband and Wife                  :
                                          :
            v.                            : No. 1091 C.D. 2017
                                          : Argued:  April 12, 2018
Heidelberg Township Zoning Hearing        :
Board                                     :
                                          :
            v.                            :
                                          :
Heidelberg Township,                      :
                 Appellant                :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE ELLEN CEISLER, Judge
           HONORABLE DAN PELLEGRINI, Senior Judge


OPINION NOT REPORTED


CONCURRING OPINION BY
SENIOR JUDGE PELLEGRINI                    FILED: May 17, 2018


         I join with the majority in finding that the Court of Common Pleas of
Lebanon County (trial court) erred in granting a dimensional variance from the
requirement that the requested recreational use be on a collector road; however, I
write separately because I share with the trial court a belief that Heidelberg Township
(Township) is attaching conditions to uses that appear to be permitted but have the
effect of impermissibly excluding them.

In this case, Richard L. Martin and Twila J. Martin, and Marlin L. Martin and Marlene B. Martin (collectively, the Martins) are owners of 101 acres located at 443 Sunnyside Road, Newmanstown, Pennsylvania (Property) in an agricultural zoning district. The Martins made extensive renovations to the interior of a structure on the Property, creating a recreational retreat venue that could accommodate up to 70 people. Such a use is permitted under the Township's Zoning Ordinance as a special exception, but if the recreational use is more than two acres, the use must front on a collector road. Under the applicable zoning regulation, a collector road must have a width of 80 feet. Sunnyside Road is a "local road" and only 33 feet wide.

While granting the special exception, the Township refused the Martins' request for a variance from the condition that the use be located on a collector road. Making Sunnyside Road a connector road would require that the road be widened by 15 feet on both sides, at a cost of over $6 million dollars.

The trial court, after a *de novo* hearing and taking testimony from traffic planners, found that Sunnyside Road is not needed as a collector road. It went on to find that the only reason the Heidelberg Township Zoning Hearing Board (Board) denied the variance was pre-textual, stating: "Other than as a rationale to deny MARTINS' proposed use of the PROPERTY, there is absolutely no purpose for the transformation of Sunnyside Road into a collector roadway." (Trial Court Opinion p. 6.) Because the net effect of the Township's decision was to make a permitted use into one that is, in effect, not permitted, the trial court granted the Martins' request for

a dimensional variance to remove the special condition requiring that Sunnyside Road be made into a collector road.

While I understand the trial court's frustration with the Township being disingenuous by granting the special exception but attaching a condition that makes that permitted use impossible, I agree with the majority that what was before the trial court was not a dimensional variance but relief from the requirement that a recreational facility over two acres must be located on a collector road. The Martins also did not make out that they were entitled to a use variance because there was no suggestion that the Property could not be used for other uses permitted in an agricultural district.

To make out their challenge of a collector road requirement, the Martins are required to file a substantive or as-applied challenge to the Zoning Ordinance under Section 609.1(a) of the Municipalities Planning Code, *added by* Act of June 1, 1972, P.L. 333, 53 P.S. § 10609.1(a), and Section 916.1(b), *added by* Act of December 21, 1988, P.L. 1329, § 10916.1(b), both of which allow a challenge to a zoning ordinance that improperly prohibits or restricts the use or development of land.

Because that issue is not before us, I join with the majority's well-reasoned opinion.

_____
DAN PELLEGRINI, Senior Judge

DRP - 3